United States District Court

Northern District Of California

Before The Honorable William Alsup

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 09-0350 WHA |
| | ) | |
| James Trabulse, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

San Francisco, California
Friday, July 10, 2009

## Reporter's Transcript of Proceedings

**Appearances:**


For Plaintiff:          Joseph P. Russoniello
                        United States Attorney
                        450 Golden Gate Avenue, Box 36055
                        San Francisco, California  94102
                By:     **Thomas Edward Stevens, Esquire**
                        **Adam Reeves, Esquire**
                        Assistant United States Attorney


For Defendant:          Office of the Federal Public Defender
                        450 Golden Gate Avenue
                        Room 19-6884, Box 36106
                By:     **Loren Grey Stewart, Esquire**


*Reported By:*          *Sahar McVickar, RPR, CSR 12963*
                        *Official Reporter, U.S. District Court*
                        *for the Northern District of California*

(Computerized Transcription by Eclipse)

1   **Friday**, **July 10**, **2009**                    **8:00 A.M.**

2                    **P R O C E E D I N G S**

3           **THE COURT:**  All right, counsel.

4           **MR. STEWART:**  Good morning, Your Honor.

5           Loren Stewart on behalf of defendant, Jim Trabulse.

6           **THE COURT:**  Mr. Trabulse, welcome back.

7           **MR. REEVES:**  Good morning, Your Honor.

8           Adam Reeves.  And this morning, Assistant United

9   States Tom Stevens for the Government.

10          **THE COURT:**  Welcome to both of you.

11          **THE CLERK:**  And for the record, the case number is

12  CR09-350, United States versus Alexander James Trabulse is the

13  case.

14          **THE COURT:**  What's happening now?

15          **MR. STEWART:**  Your Honor, we had anticipated coming

16  in here for a change of plea today, and Mr. Trabulse and I were

17  fully intending on that until Monday evening when I received a

18  letter from Mr. Reeves purporting to withdraw the plea offer in

19  the case.

20          With that, I also received 11,351 pages of discovery

21  yesterday, from Mr. Reeves.  I don't anticipate we can really

22  do very much today.

23          **THE COURT:**  Well, we can set a trial date, so we'll

24  do that.

25          **MR. STEWART:**  Your Honor, I do think it would be

premature, in part because I was under the impression that we
were in a good faith plea negotiation for approximately the
last six months.

I do think the case is going to resolve by
disposition; I still think it could.  And, I think it's
worthwhile for myself and for the U.S. Attorney's Office, and
also for the Court, in terms of its resources, to see if there
is a possibility of resolution by disposition here.

**THE COURT:**  Well, of course that's right, but we can
set a trial date and get it on everyone's calendar.  That's
important, because this case will take more than the average
amount of time to try.  And if we put it off, it will just be
an excuse for delay.  You'll come in and say, oh, I'm busy that
day, the Government will come in and say, oh, I'm busy that
day.  And so we are going to set a trial date now.

**MR. STEWART:**  And, Your Honor, I do --

**THE COURT:**  This case has been around how long now?
How old's this case?

**MR. REEVES:**  The case -- the information was filed
in or around March, from memory, Your Honor, of this year.  So,
as a -- as to the criminal proceeding in the District Court,
umm, it was filed on or about April 3rd, 2009, Your Honor.

**THE COURT:**  I think -- I'm happy to give you as
speedy a trial as you want.  But assuming you want some delay,
the Court would be willing to set this case for February.

**MR. STEWART:**  And yes, Your Honor, I do think there is a possibility of out-of-district depositions in this case. There may be considerable work that would lead up to the trial date.

**THE COURT:**  Fine.

**MR. STEWART:**  I have no opposition to February if that is what Your Honor would like to set.

**THE COURT:**  Get cracking on it, and it can all be done.  You can go to Dubai if you want; go to France, find those rugs, take depositions.

All right, the date is going to be -- trial date will be February 8th for the -- with a final pre-trial conference on January 25.

Now, I'll give -- you know, this is like, six, six-and-a-half, seven months.  If you want an earlier date, I will try to accommodate you.  Do you want an earlier date?

**MR. STEWART:**  At this time, no.

**THE COURT:**  So you are okay with excluding time all the way up to February 8?

**MR. STEWART:**  Yeah, I think that's fine, Your Honor.

Your Honor, a couple of questions just related to scheduling in terms of motions and motions in limine.  I take it your motions in limine are set forth in the pre-trial order in terms of deadlines and --

**THE COURT:**  I don't remember, to be honest.  Here is

the way, really, it ought to work on motions in limine -- and
perhaps we ought to come back in here for another case
management conference to sort this out if there is any problem,
but here is the general principle:  For the final pre-trial
conference, I want to distinguish between suppression motions,
discovery motions, the kind of things that ought to be brought
well before the -- the final pre-trial conference.

     The final pre-trial conference ought to be limited
to true motions in limine.  For example, you may want to knock
out some 404(b) witnesses or you may want to -- that would be
okay at the final pre-trial conference.

     Or, you may realize there is a certain privilege
issue that you want to have tested; that could be -- you could
do that, I guess, at the -- but -- or to exclude some witness
because the Government, for example, let's say they got late
disclosed experts; well, I'm going to be tough on that.  You
don't do your homework right; they are going to be excluded.

     **MR. REEVES:**  Understood, Your Honor.

     **THE COURT:**  So, they don't do it timely, then they
get excluded.

     Same thing for you, now -- you made a -- if you made
a demand under Rule 12, then -- is it 12 or 16?

     **MR. REEVES:**  Sixteen.

     **MR. STEWART:**  Sixteen, Your Honor.

     **THE COURT:**  Then you've got to do your reciprocal

discovery.  You could be on the receiving end of a motion to exclude.

          Anyway, those are the kind of things that we would do at the final pre-trial conference.  But, earlier than that, if you had a suppression motion, you had a discovery motion, motion to disclose confidential informants, there is no severance motion in this case, but that would be something that -- anything that can be addressed much earlier ought to be addressed much earlier so you can then adjust.  But, there are some things that really should be heard almost immediately before trial, and I have tried to identify what they are.

          *MR. STEWART:*  Your Honor, I understand.

          *THE COURT:*  So that's the general principle.  If you want to have another conference in a couple more months, we can set more definitive dates before the final pre-trial conference.  I'm happy to do that.

          *MR. STEWART:*  I think it would be appropriate, whether now or later, to set a discovery cutoff date.  If Your Honor would prefer to do that now, counting back from the pre-trial conference, or if Your Honor would prefer to wait --

          *THE COURT:*  Here's what I think we should do:  Have you disclosed -- have you produced all the discovery you are required to?

          *MR. REEVES:*  To date, basically, yes, Your Honor, with the exception as laid out in my letter to counsel for the

defendant.

The Government does continue to investigate other matters here, and there is a possibility of a Superseding Indictment; nonetheless, I think the time frame that the Court has laid out is one that I think would be reasonable. And these are issues that I have discussed with counsel.

I would propose that we set a -- a status conference, in essence, sometime in mid- to late September, by which time I would then seek to confer with counsel about a scheduling order to take us up through the February trial date.

**THE COURT:** Well, you always have the right to supersede, but I have the right to sever.

**MR. REEVES:** Understood, Your Honor.

**THE COURT:** So, if you were to supersede on the eve of trial, I could just sever those new counts, and we go ahead on the original one. So the -- if you are going to supersede, you should do it sooner rather than later so there won't be any delay in the trial.

**MR. REEVES:** That is understood, Your Honor.

**THE COURT:** All right.

How about September 15th to come back for further case management?

**MR. REEVES:** Could I just have one moment, please?

**THE COURT:** Sure. 2:00 p.m.

**MR. STEWART:** On the general criminal calendar, Your

Honor?

    **THE COURT:**  Right.

    **MR. STEWART:**  That works fine for me, Your Honor.

    And, Your Honor, I take it on September 15th we would address, if we do want to set schedules for pre-trial motions, not motions in limine, but any other pre-trial motions that --

    **THE COURT:**  We would set a full schedule.  And you ought to come back then saying here is a list of motions I want to make.

    **MR. STEWART:**  Right.

    **THE COURT:**  That would be without prejudice to -- you know, I'm not going to ask you to -- you are not going to waive a motion because you didn't bring it up, but I ask you. in good faith, to identify the ones that you are very likely to want to bring, and, therefore, we can set a schedule for those.

    And, you know, don't sandbag the Court by coming up with a bunch of last minute motions later on, but between now and September 15th.  This is not even July 15th; you ought to be able to analyze the case and figure out 90 percent of the motions you want to bring.

    **MR. REEVES:**  Your Honor?

    **THE COURT:**  Yes?

    **MR. REEVES:**  Could -- could we please request a -- the status conference to be slightly later in September, on

Tuesday, September 29th?  And --

        **THE COURT:**  That's not slightly later, that's much later.

        **MR. REEVES:**  Two weeks later, Your Honor.

        **THE COURT:**  It is -- what's the reason for that?

        **MR. REEVES:**  The reason for that is competing other case requirements relating to other cases.  And I'm just managing the deadlines.  I've enlisted the assistance of another assistant in this case, and it would allow us to, I think, finalize the case for trial, meet the deadline that the Court has indicated it would like us to follow with regard to determining whether or not there will be any Superseding Indictment and additional charges.  I think that is a reasonable deadline for that to be completed.

        And -- and then I think we can by that time also negotiate a scheduling order that would allow us to -- umm, hit the February trial date in an appropriate way.  So, a little additional time would allow us to finish these things.

        **THE COURT:**  All right, what does Mr. Stewart say?

        **MR. STEWART:**  No objection.

        **MR. REEVES:**  September 29 for the status conference.

        **THE COURT:**  I'm sorry, 29, September.

        **THE CLERK:**  Yes, it does.

        **THE COURT:**  So, the 15th is off.

        **MR. REEVES:**  Thank you very much, Your Honor.

        *MR. STEWART:*  Your Honor, between now and that date --

        *THE COURT:*  Yes, go ahead.

        *MR. STEWART:*  There is a remote possibility of another motion that may come into court.

        *THE COURT:*  What's that?

        *MR. STEWART:*  It may to have do with the withdrawal of the plea agreement in this case, Your Honor.

        *THE COURT:*  Well, that's fine.  You mean you want to try to, quote, "enforce the plea agreement."

        *MR. STEWART:*  That's what's potentially contemplated.

        *THE COURT:*  You are free to bring that motion.  I won't say yes or no on that right now, but you can bring that as soon as you want.

        *MR. STEWART:*  Thank you, Your Honor.  Just wanted to put it on your radar.

        *THE COURT:*  I will just have to see.

        *MR. STEWART:*  That you.

        *THE COURT:*  Now, Mr. Stewart, if you are going to -- what would be disturbing to me is that if you came in with either additional counsel or new counsel, and they wanted to knock out this trial date.

        *MR. STEWART:*  I don't anticipate doing that, Your Honor.

**THE COURT:**  All right, good.  You can bring in new counsel, but this is the trial date, so if you bring them in they should be prepared to meet this date.

**MR. STEWART:**  I anticipate having no problem with that.

**THE COURT:**  Good.

Same thing for the Government.

**MR. REEVES:**  I appreciate that, Your Honor.  And thank you.

One slight modification while we are setting this schedule:  I know that my children's vacation is in that second week of February; I'd like to spend some time with them.  Would it be possible to set the trial for perhaps the last week of February?

**THE COURT:**  No.

**MR. REEVES:**  No?  Okay.

**THE COURT:**  Because I got other things -- I'm sorry, but I'm balancing too many things.  That's the -- that's the time that works for the Court's calendar.

**MR. REEVES:**  I understand.  I can tell that to my wife now.  Thank you.

**THE COURT:**  Yes, you can tell her that you tried.

**MR. STEWART:**  Your Honor, and perhaps Mr. Reeves, do you have any sense or shall we not -- shall we wait until September 29th to discuss the possible duration of the trial?

**THE COURT:**  The what?

**MR. STEWART:**  The possible duration of the trial.

**THE COURT:**  Well, I'm guessing three to four weeks, but I don't know.

**MR. REEVES:**  I hope less than that, maybe, Your Honor.  Two to three weeks is what I'm currently estimating for the length of the trial.  And I can be more specific on September 29th.

**MR. STEWART:**  And, Your Honor, I -- I don't know immediately.  As I said I've been in plea negotiations up until this week, so I can't give you the sense of how long the defendant's case in chief would be.  But perhaps, come September, I can give you a better idea.

**THE COURT:**  Sure, I'm sure you will be able to.

All right, what else?

**MR. STEWART:**  That's it, Your Honor.

**MR. REEVES:**  What time is the pretrial conference on January 25th?  Is that also a Tuesday?

**THE COURT:**  That would be 2:00 p.m.

**MR. REEVES:**  2:00 p.m.  One moment please.

**THE COURT:**  No, that's not a Tuesday, that's a Monday.

**MR. REEVES:**  Monday, okay.  Just one second.

**(Noting dates.)**

**MR. REEVES:**  Thank you, Your Honor.

**THE COURT:**  Okay.

The Court finds that the need for the continuance for trial preparation all the way to February 8th warrants an exclusion of time for the effective preparation of counsel and the interest of justice.  So, the Court finds the need for a continuance to February 8th outweighs the public and the defendant on the Speedy Trial, so the time between today all the way up to February 8, 2010, will be excluded -- I'm sorry, yes, the 8th.

So give me one of those written stipulations, and we will have that part of the written record -- I'm saying this for the record now.

**MR. REEVES:**  The Government will prepare the necessary stipulation, Your Honor.

**THE COURT:**  Thank you.

Anything more for today?

**MR. STEWART:**  No, Your Honor.  Thank you.

**MR. REEVES:**  Thank you, Your Honor.

**THE COURT:**  So, let's see, when is the next time Mr. Trabulse needs to be back here I guess is going to be?

**MR. STEWART:**  September 29th.

**THE COURT:**  Mr. Trabulse, you should be back here February 29 --

**MR. STEWART:**  September 29.  Sorry, Your Honor.

**THE COURT:**  I keep saying that.  September 29,

2:00 p.m.

          All right, thank you.

          **MR. REEVES:**  Thank you.

          **MR. STEWART:**  Thank you.

                  **(Proceedings adjourned at 8:19 a.m.)**

                         **---o0o---**

<u>**CERTIFICATE OF REPORTER**</u>


      I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.  The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.



                   **/s/ Sahar McVickar**
_____

        **Sahar McVickar, RPR, CSR No. 12963**

        **Monday, September 21, 2009**